UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| COMPEER FINANCIAL, PCA,<br><br>                                Plaintiff,<br><br>vs.<br><br>SUNWOLD FARMS, INC., SUNTERRA FARMS IOWA, INC., AND LARIAGRA FARMS SOUTH, INC.<br><br>                                Defendants.<br><br>THE PORK GROUP, INC. AND TYSON FRESH MEATS, INC.<br><br>                     Applicants for Intervention | Case No. 25-cv-4044<br><br>MOTION TO INTERVENE |

## MOTION TO INTERVENE

The Pork Group, Inc. ("TPG") and Tyson Fresh Meats, Inc. ("TFM") respectfully request the Court issue an order permitting TPG and TFM to intervene in this action pursuant to Rule 24(a)(2) and 24(b)(1) of the Federal Rules of Civil Procedure. In support of this Motion, TPG and TFM state:

### Background and Summary of Relief

1. Plaintiff Compeer Financial, PCA ("Plaintiff" or "Compeer"), originally filed its complaint in this matter (ECF No. 1-2) (the "Complaint") in Yankton County, South Dakota as Case 66CIV25-000112, against Defendants Sunwold Farms, Inc. ("Sunwold"), Sunterra Farms Iowa, Inc. ("Sunterra") and Lariagra Farms South, Inc. ("Lariagra") (collectively, "Defendants"). On March 24, 2025, Defendants removed the Complaint to this Court.

2. Plaintiff asserts the Defendants engaged in a fraudulent check kiting scheme that resulted in millions of dollars of losses to Plaintiff. Plaintiff further demands that the Court appoint a receiver to take control and operate the Defendant companies and oversee the raising and

1

finishing of approximately 110,000 hogs currently located in leased hog barns throughout South Dakota that are allegedly owned by Sunwold and Lariagra. As recognized in the Complaint, Sunterra also manages at least 370,000 hogs that *are not* owned by the Defendants.

3. As detailed below, TPG and TFM have a legitimate interest in the operations of Sunterra that are the subject of the Complaint and proposed receivership. Accordingly, TPG and TFM seek intervention of right under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1) of the Federal Rules of Civil Procedure. TPG's and TFM's complaint in intervention is attached hereto as **Exhibit A** ("Intervenors Complaint").

4. TPG has a legitimate interest in protecting the safety and well-being of hogs owned by TPG and managed by Sunterra. TPG has a management agreement with Sunterra whereby Sunterra manages the hogs owned by TPG for a monthly management fee that includes labor for the care of the hogs and rent to independent farmers that house the hogs. Sunterra is responsible for the day-to-day care of the hogs, ensuring the hogs are fed and cared for properly.

5. TPG is concerned about the continued well-being and care of its hogs at the Defendants' facilities given the allegations in the Complaint. Namely, that Defendants do not have sufficient cash to cover necessary expenses, including but not limited to labor and feed, for the care and protection of the hogs. Complaint ¶ 69-71.

6. TFM also has a legitimate interest in ensuring the safety and well-being of hogs under contract with Sunwold to be processed by TFM. Under the contract, Sunwold delivers hogs ready for processing to TFM that meet the requirements set forth in the contract. TFM pays for these hogs upon delivery according to the pricing terms set forth in the contract. TFM is further troubled by the allegation that Defendants are not paying for hog feed or barn rent. *See* Complaint ¶¶ 97-10.

7. TFM relies on contracted hogs to operate its nearby processing facilities. TFM is concerned that the well-being and care of these hogs is in jeopardy given the allegations laid out in

2

the Complaint and summarized above.

8. TPG and TFM do not oppose the appointment of a receiver over Defendants' operations and seek to intervene to preserve their rights, claims, and interests in the hogs that are in the possession or control of the Defendants.

9. Among other things, TPG and TFM move to intervene to provide input regarding the proper party to serve as receiver. TPG and TFM recommend that the Court appoint Pipestone Veterinary Services, or such wholly owned affiliate, as receiver.

10. TPG and TFM have discussed these matters with the Plaintiff in advance of this filing and hope to reach a consensus on the proper party to serve as receiver.

### Request for Intervention

*A. Mandatory Intervention Under Rule 24(a)(2).*

11. TPG and TFM seek intervention under Rule 24(a)(2) to ensure the safety and well-being of hogs owned or contracted by TPG and TFM.

12. Rule 24(a)(2) provides that "[o]n timely motion, the court *must permit anyone to intervene* who… claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Proc. 24(a)(2) (emphasis added).

13. The Eighth Circuit has interpreted Rule 24(a)(2) to permit intervention as of right when an applicant: (1) has a recognized interest in the subject of the litigation; (2) shows that its ability to protect the interest may be impaired if it is not allowed to intervene; and (3) demonstrates that the parties presently before the court do not adequately represent that interest; and (4) files a timely application for intervention. *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008).

14. The Eighth Circuit has also determined that Rule 24 is to be "liberally construed

with all doubts resolved in favor of the proposed intervenor." *S. Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

15.     TPG and TFM's intervention meets the standards set forth under Rule 24(a)(2). TPG and TFM have a recognized interest in this matter and the appointment of a receiver to manage the Defendants' operations. As discussed above, TPG owns hogs that are managed by the Defendants and that are the subject of the Plaintiff's request for appointment of a receiver. Similarly, TFM has contracted with Defendant Sunwold to purchase hogs that Plaintiff propose to be managed by the proposed receiver.

16.     TPG and TFM must intervene to ensure the hogs owned by TPG and contracted to TFM are properly managed and preserved for the benefit of TPG and TFM. Plaintiff has alleged, among other things, that feed will no longer be delivered for the hogs and that rent checks to farmers that house the hogs are not being paid. These allegations have a direct impact on the hogs owned by TPG and contracted to TFM. At bottom, the hogs' welfare is of utmost concern to TPG and TGM.

   **B. *Permissive Intervention Under Rule 24(a)(2).***

17.     Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(1).

18.     This standard is not an onerous one. Neither every claim nor every fact must overlap. "The phrase 'common question of law or fact' is given its plain meaning and read in the disjunctive." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2014 WL 4851801, at *2 (E.D. Mo. Sept. 29, 2014).

19.     Here, Plaintiff is concerned about the proper care and well-being of Defendants' hogs and hog operations. Plaintiff seeks appointment of a receiver based upon a concern that hogs will not be fed, farmers will not be paid, and the well-being of all hogs are at risk. Those concerns

are shared by both TPG and TFM.

20. Furthermore, both TPG and TFM have direct, financial interests in hogs that are the subject of the proposed receivership over the Defendants' operations. TPG and TFM have separate and distinct rights with respect to such hogs, and their rights in the underlying agreements governing the Defendants' management of such hogs, necessarily share common questions of law and fact with the Plaintiff's alleged rights in the Defendants' assets. Without limitation, TPG and TFM reserve all rights, claims, and defenses with respect to their interests in any hogs that may be managed by a receiver or subject to any alleged lien, security interest, or any other legal or equitable interest in favor of Plaintiff.

C. *Intervention is Timely.*

21. Under Rule 24(a)(2) and 24(b)(1), TPG and TFM's motion is timely and will not prejudice any parties. In evaluating this element, courts look to "[1] how far the proceedings have gone when the movant seeks to intervene . . . [2] prejudice which resultant delay might cause to other parties . . . , and [3] the reason for the delay." *Nevilles v. Equal Emp. Opportunity Comm'n*, 511 F.2d 303, 305 (8th Cir. 1975).

22. This litigation is in its infancy as Defendants removed this action yesterday. The parties have not submitted their Rule 26(f) reports. Nor has the Court issued its Scheduling Order under Rule 16(b), which would set the "time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. Proc. 16(b)(3)(A). Accordingly, there is no plausible grounds for objection based on timeliness or prejudice. *Henderson v. Black & Decker* (U.S.) Inc., No. 1:20 CV 173 ACL, 2021 WL 1546139, at *3 (E.D. Mo. Apr. 20, 2021) (rejecting claims of delay and prejudice "as this case is still in the beginning stages. In fact, a Rule 16 Conference has not even been held yet.").

23. Because TPG and TFM's motion is timely, the parties would not be prejudiced by the requested intervention. Therefore, TPG and TFM seek to intervene in this matter and participate

in any appointment of a receiver and corresponding care of the hogs.

WHEREFORE, TPG and TFM respectfully request this Court enter an order allowing them to intervene in this matter, in substantially the form attached hereto as **Exhibit B**, and for such other and further relief the Court may deem just and proper.

Respectfully Submitted,

**MAY, ADAM, GERDES & THOMPSON LLP**

BY: _____/s/ Justin L. Bell_____
JUSTIN L. BELL
503 South Pierre Street
PO Box 160
Pierre, SD 57501-0160
(605) 224-8803
jlb@mayadam.net

-and-

**BRADLEY ARANT BOULT CUMMINGS LLP**

Edward S. Sledge, IV
(*pro hac vice to be filed*)
James Bailey
(*pro hac vice to be filed*)
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
205-521-8000
esledge@bradley.com
jbailey@bradley.com

Alexandra Dugan
(*pro hac vice to be filed*)
1221 Broadway
Suite 2400
Nashville, TN 37203
615-244-2582
adugan@bradley.com

*Counsel for The Pork Group, Inc. and Tyson Fresh Meats, Inc.*

## CERTIFICATE OF SERVICE

    I certify that on March 26, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                           */s/ Justin L. Bell*
                                                           OF COUNSEL