UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| COMPEER FINANCIAL, PCA,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNWOLD FARMS, INC., SUNTERRA FARMS IOWA, INC., and LARIAGRA FARMS SOUTH, INC.<br><br>    Defendants.<br><br>THE PORK GROUP, INC. AND TYSON FRESH MEATS, INC..<br><br>    Intervenor-Plaintiffs. | Case No. 25-cv-4044<br><br>**COMPLAINT IN INTERVENTION** |

## COMPLAINT

Intervenor-Plaintiffs, The Pork Group, Inc. ("TPG") and Tyson Fresh Meats, Inc. ("TFM") allege the following upon information and belief:

### BACKGROUND

1. Plaintiff Compeer Financial, PCA ("Plaintiff" or "Compeer"), originally filed their complaint in this action (ECF No. 1-2) ("Compeer's Complaint") in Yankton County, South Dakota as Case 66CIV25-000112, against Defendants Sunwold Farms, Inc. ("Sunwold"), Sunterra Farms Iowa, Inc. ("Sunterra") and Lariagra Farms South, Inc. ("Lariagra") (collectively, "Defendants"). On March 24, 2025, Defendants removed to this Court.

2. Plaintiff asserts in its Complaint that the Defendants engaged in a fraudulent check kiting scheme that resulted in millions of dollars of losses to Plaintiff and demands the Court's appointment of a receiver to take control and operate the Defendant companies to oversee


EXHIBIT A

the raising and finishing of at least 110,000 hogs currently located in leased hog barns throughout South Dakota.

## PARTIES

3. The Pork Group, Inc. is a corporation formed under the laws of the State of Delaware having its principal place of business at 2200 W Don Tyson Pkwy # CP131, Springdale, Arkansas.

4. Tyson Fresh Meats, Inc. is a corporation formed under the laws of the State of Delaware having its principal place of business at 2200 W Don Tyson Pkwy # CP131, Springdale, Arkansas.

5. On information and belief, Plaintiff is a Farm Credit cooperative with its principal place of business in Wisconsin.

6. On information and belief, Defendants Sunwold Farms, Inc. and Lariaga Farms South, Inc. are citizens of South Dakota.

7. On Information and belief, Defendant Sunterra Farms Iowa, Inc. is a citizen of Iowa.

## JURISDICTION AND VENUE

8. Defendants removed this action asserting the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based on diversity jurisdiction in a controversy that exceeds the sum or value of $75,000, and that venue is proper under 28 U.S.C. §1441(a).

9. TPG and TFM take no position on the propriety of removal. TPG and TFM bring their claims given the emergency nature of the Plaintiff's request for a receiver. If this matter is not remanded, jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

10.  TPG has a management agreement with Defendant Sunterra whereby Sunterra manages the hogs owned by TPG for a monthly management fee that includes labor for the care of the hogs and rent to independent farmers that house the hogs. Sunterra is responsible for the day-to-day care of the hogs, ensuring the hogs are fed and cared for properly.

11.  TFM has a contract with Defendant Sunwold to deliver finished hogs to be processed by TFM at its packing facilities. Under the contract, Sunwold delivers hogs ready for processing to TFM that meet the requirements set forth in the contract. TFM pays for these hogs upon delivery according to the pricing terms set forth in the contract.

12.  TPG and TFM are concerned about the continued well-being and care of its hogs in the possession or control of Defendants given the allegations in the Complaint. Namely, that Defendants do not have sufficient cash to cover the cost of feed, feed delivery, and labor necessary to care for and protect the hogs. Compeer's Complaint, ¶¶ 69-71. TPG is further troubled by the allegation that Defendants are not paying for hog feed or barn rent. *Id.* at ¶¶ 97-102.

## COUNT I - APPOINTMENT OF RECEIVER

13.  TPG and TFM restate the allegations set forth in paragraphs 1-12 above, as though fully set forth herein.

14.  Based upon the allegations in the Compeer Complaint, and upon information and belief, the Defendants are not paying the costs of feeding or housing some, if not all, of the hogs in their possession or control.

15.  TPG owns hogs in the possession or control of the Defendants.

16. TFM has an interest in hogs in the possession or control of the Defendants.

17. TPG and TFM are entitled to the appointment of a receiver to manage and care for their hogs in the possession or control of the Defendants.

18. TPG and TFM seek to participate in the selection of the receiver who will oversee the care and management of all hogs in the possession or control of the Defendants.

19. If the Court grants the appointment of a receiver over the Defendants, TPG and TFM object to the appointment of Creative Planning Business Alliance, LLC (a Kansas limited liability company), preferring instead local a trusted management company Pipestone Veterinary Services, or such wholly owned affiliate.

## COUNT II - DECLARATORY JUDGMENT

20. TPG and TFM restate the allegations set forth in paragraphs 1-12 above, as though fully set forth herein.

21. TPG owns hogs in the possession or control of the Defendants.

22. TFM has an interest in hogs in the possession or control of the Defendants.

23. An actual controversy exists between the parties as to the interests of TPG and TFM in the hogs in the possession or control of the Defendants.

24. A declaration as to the rights of TPG and TFM in the hogs in the possession or control of the Defendants will completely resolve the controversy among the parties regarding such hogs.

25. Accordingly, TPG and TFM are entitled to a judicial declaration under 28 U.S.C. § 2201 stating that they have superior interests in the hogs than Compeer or Defendants.

WHEREFORE, TPG and TFM pray of this Court an order granting the following relief:

4

A.  TPG and TFM are entitled to the appointment of a receiver for the management and care of their hogs in the possession and control of the Defendants;

B.  Pipestone Veterinary Services, or such wholly owned affiliate, shall be receiver over the Defendants' operations;

C.  Declaratory judgment that TPG owns hogs in the possession or control of the Defendants and/or any receiver that must be delivered to TPG, or its agents or assigns, as directed by TPG;

D.  Declaratory judgment that the Defendants and/or any receiver must deliver hogs in the possession or control of the Defendants and/or any receiver to TFM, or its agents or assigns, as directed by TFM;

E.  For such other relief as this honorable Court deems just and proper.

MAY, ADAM, GERDES & THOMPSON LLP

BY:  /s/ Justin L. Bell
JUSTIN L. BELL
503 South Pierre Street
PO Box 160
Pierre, SD  57501-0160
(605) 224-8803
jlb@mayadam.net

-and-

BRADLEY ARANT BOULT CUMMINGS LLP

Edward S. Sledge, IV
(pro hac vice to be filed)
James Bailey

5

(*pro hac vice to be filed*)
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
205-521-8000
esledge@bradley.com
jbailey@bradley.com

Alexandra Dugan
(*pro hac vice to be filed*)
1221 Broadway
Suite 2400
Nashville, TN 37203
615-244-2582
adugan@bradley.com

***Counsel for The Pork Group, Inc. and Tyson Fresh Meats, Inc.***