UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| COMPEER FINANCIAL, PCA,<br><br>Plaintiff,<br><br>v.<br><br>SUNWOLD FARMS, INC.,<br>SUNTERRA FARMS IOWA, INC. and<br>LARIAGRA FARMS SOUTH, INC.,<br><br>Defendants,<br><br>PVC MANAGEMENT II, LLC, d/b/a<br>PIPESTONE MANAGEMENT,<br><br>Receiver,<br><br>THE PORK GROUP, INC. AND TYSON<br>FRESH MEATS, INC.,<br><br>Intervenors. | 4:25-cv-04044<br><br><br><br><br><br>**ORDER GRANTING<br>RECEIVER'S MOTION TO<br>AUTHORIZE PRIVATE SALE** |

Upon consideration of the *Receiver's Motion to Authorize Private Sale* [Doc No. 66] (the "***Motion***"); the *Receiver's Brief in Support of Motion to Authorize Private Sale* [Doc. No. 67] (the "***Brief in Support***"[1]); the Affidavit of Hannah Walkes in support of the Motion [Doc. No. 68]; the Defendants Response and Objection to the Receiver's Motion to Authorize Private Sale [Doc. No. 78]; the Objections filed by Tim Graber [Doc. No. 82], Swinetastic LLC [Doc. No. 85], Hoggin' It LLC [Doc. No. 88], TS Farm, LLC [Doc. No. 91], Joel Rempfer [Doc. No. 97], and Shane Zylstra [Doc. No. 98]; and the briefs in support thereof, along with all other filings with respect to the Motion and upon consideration of the evidence and arguments presented at the evidentiary

---

[1] Capitalized terms used in this Sale Order and not otherwise defined shall have the meanings ascribed to them in the Brief in Support or Asset Purchase Agreement, as applicable.

1

hearing on May 29, 2025; and after due deliberation and it appearing the relief sought in the Motion is in the best interest of the receivership estate, its creditors, and others parties in interest,

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**[2]

A.      This Court has jurisdiction over this matter and over the property of the Debtors.

B.      The Receiver has served notice of the Motion, the hearing on the Motion, and Asset Purchase Agreement upon: (i) all known creditors of Debtors, including each of the Debtors' known secured creditors, such as Compeer Financial, PCA ("Compeer"), (ii) all relevant federal, state, and local taxing and regulatory authorities or offices that have a reasonably known interest in the Debtors' business operations or any of the Purchased Assets, (iii) counsel to TPG, (iv) the principals of the Debtors or their counsel, and (v) the parties that have entered an appearance in this case.

C.      In addition, the Receiver has published notice of the Motion, the relief sought by the Motion, and the hearing thereon, as evidenced by the proof of publication filed by the Receiver at Doc. No. 80. Pursuant to 28 U.S.C. § 2004, the Receiver has demonstrated a sufficient basis and compelling circumstances to justify relief from strict adherence to 28 U.S.C. § 2001(b), which requires the terms of the sale "be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation." Accordingly, the Receiver's published notice of the Motion as described above was sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion or the relief sought in the Motion is necessary or required.

---

[2] The findings and conclusions set forth in this Sale Order supplement the Court's oral ruling as entered on the record on May 30, 2025. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D. A reasonable opportunity to object or be heard regarding the Motion and the relief sought in the Motion has been afforded to all interested parties, including, without limitation, all parties to this action and all persons or entities known to the Receiver that have or may have any claim against the Debtors or any claim or interest in the Purchased Assets or any property of the receivership estate.

E. The Receiver has the power and authority to sell substantially all assets of the receivership estate free and clear of all Claims and Encumbrances (as defined below), with such Claims and Encumbrances attaching to the proceeds of such sale with the same validity, priority and enforceability as they had with respect to the receivership estate.

F. Compeer Financial, PCA ("***Compeer***"), the holder of the senior, first priority liens on and security interests in substantially all assets of the receivership estate, has consented to release, at closing, its Claims and Encumbrances against the Purchased Assets, with such Claims and Encumbrances attaching to the proceeds of the sale with the same validity, priority, and enforceability as existed prior to the sale. Compeer's consent dramatically improves the marketability of the receivership estate and the potential sale price, because parties will not have to factor in the risks and costs of satisfying pre-receivership claims and the release of Claims and Encumbrances into the purchase price. It is, therefore, prudent and in the best interest of Compeer to consent to the release of its Claims and Encumbrances as set forth in this paragraph.

G. The Receiver has demonstrated a sufficient basis and compelling circumstances to justify relief from strict adherence to 28 U.S.C. § 2001(b), which requires the appointment of three disinterested persons to appraise receivership assets prior to confirmation of a private sale. The Purchased Assets have been thoroughly marketed for sale, and engaging two additional professional appraisers in this case would only serve to increase expenses to the Receiver to the

detriment of creditors. The Receiver marketed the receivership estate's assets to multiple other potential buyers and did not obtain any offers that were competitive with the offer of TPG that is set forth in the Asset Purchase Agreement.

  H. The Receiver has demonstrated a sufficient basis and compelling circumstances for the proposed private sale of substantially all assets of the receivership estate, which is an appropriate exercise of the Receiver's reasonable business judgment, is in the best interest of the receivership estate and its creditors, and meets the requirements of 28 U.S.C. §§ 2001 and 2004.

  I. For the reasons stated by the Court on the record of the hearing on May 30, 2025, which findings of fact and conclusions of law are incorporated herein by reference, the approval to sell the Purchased Assets to TPG on the terms set forth in the Asset Purchase Agreement is within the sound legal discretion of this Court.

  J. The Receiver's decision to sell the Purchased Assets pursuant to and in accordance with the Asset Purchase Agreement and this Sale Order is supported by good business reasons and sound justification based upon the circumstances presented in this case and is in the best interest of the receivership estate and its creditors.

**NOW, THEREFORE, BASED UPON THE FOREGOING FINDINGS AND THE RECORD BEFORE THIS COURT, IT IS HEREBY ORDERED AS FOLLOWS:**

  1. The Motion is **GRANTED** for the reasons stated on the record during the hearing on May 30, 2025 and the Receiver's private sale of the Purchased Assets on the terms set forth in the Asset Purchase Agreement is confirmed as set forth in this Sale Order.

  2. The Objections filed by Tim Graber; Swinetastic LLC; Hoggin' It LLC; TS Farm, LLC; Joel Rempfer; and Shane Zylstra are not, as represented by counsel, objections to the asset sale free and clear of Claims and Encumbrances, but rather placeholders to ensure these parties are

not deemed to have consented to the transfer of their respective agreements. These parties' rights to seek termination of their agreements are preserved to the extent they existed prior to the entry of this Sale Order. Counsel for the receiver is directed to report to the Court on the status of negotiations with these parties within one week.

3. All other objections to the Motion or the entry of this Sale Order that have not been expressly withdrawn, waived, resolved, or settled are expressly denied and overruled in their entirety.

4. The Asset Purchase Agreement, as set forth in **Exhibit A** hereto, is approved in its entirety and is incorporated herein by reference as if set forth fully at length in this Sale Order.[3]

5. The Receiver is authorized, directed, and empowered to sell the Purchased Assets free and clear of all Claims and Encumbrances in accordance with the Asset Purchase Agreement and this Sale Order.

6. The Receiver is authorized, directed, and empowered to take all actions to consummate the sale of the Purchased Assets pursuant to and in accordance with the Asset Purchase Agreement and this Sale Order, including transferring and conveying said assets to the Purchaser.

7. The Receiver is authorized, directed, and empowered to consummate and implement fully the Asset Purchase Agreement, together with all additional instruments and documents that may be necessary or desirable to implement and consummate the sale of Purchased Assets in accordance with the Asset Purchase Agreement. Without limitation, the Receiver is authorized to execute the General Release on behalf of the Receiver and Debtors as a necessary Transaction Document.

---

[3] Certain exhibits and schedules to the Asset Purchase Agreement were filed with the Court under seal and are omitted from Exhibit A.

8. In the Receiver's sole discretion, the Asset Purchase Agreement and any agreements, documents, or other instruments executed in connection with the Asset Purchase Agreement may be modified, amended, or supplemented by the Receiver and Purchaser in accordance with the terms of the Asset Purchase Agreement without further notice or order of this Court, provided that any such modification, amendment, or supplement does not have a material, adverse effect on the receivership estate or its creditors.

9. The failure specifically to include any particular provision of the Asset Purchase Agreement or any other Transaction Documents in this Sale Order shall not diminish or impair the effectiveness of such provision. It is the Court's intent that the sale of the Purchased Assets and all other transactions set forth in the Asset Purchase Agreement be authorized and approved in their entirety. In the event of any inconsistency between the terms of any prior pleading related to the Motion or the Receivership Order, on the one hand, and the terms of this Sale Order, on the other hand, the terms of this Sale Order shall control.

10. Upon the Closing of the Transactions (the "***Closing***"), the sale of the Purchased Assets pursuant to this Sale Order and the Asset Purchase Agreement: (a) shall be a legal, valid, and effective transfer of the Purchased Assets from the Receiver and Debtors to Purchaser; (b) shall vest in Purchaser all rights, titles, and interests of the Debtors and Receiver to the Purchased Assets and good and marketable title thereto; and (c) shall constitute a transfer for reasonably equivalent value and full, adequate, and fair consideration under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., and all other law applicable to such transfer.

11. Upon the Closing, the Transactions and the sale of the Purchased Assets to Purchaser shall be free and clear of the following (other than Assumed Liabilities): (a) any mortgage, lien (including any mechanic's, materialman's, statutory, and any other consensual or

non-consensual lien), security interest, charge, hypothecation, deed of trust, pledge, right of use, first offer or refusal, easement, servitude, restrictive covenant, lease, sublease, covenant, right of way, option, restriction (including, without limitation, any restriction on transfer or on the use, voting, receipt of income or other rights or exercise of any attributes of ownership), conditional sale or other title retention agreements, interest, encroachment, "Encumbrance" (as defined in the Asset Purchase Agreement), or other encumbrance of any kind arising from or related in any way to the Debtors or the Purchased Assets (all of the foregoing collectively referred to as "***Encumbrances***"), and (b) any claim, "Claim" (as defined in the Asset Purchase Agreement), debt, liability, interest, or obligation arising from or related in any way to the Debtors or the Purchased Assets (all of the foregoing collectively referred to as "***Claims***"). Without limitation, the sale of the Purchased Assets to Purchaser shall be free and clear of all Claims and Encumbrances (other than Assumed Liabilities) regardless of whether any such Claim or Encumbrance is in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the filing of this action against the Debtors, or occurring or arising prior to the Closing Date.

12. Without limiting the foregoing, upon the Closing, Purchaser shall not be deemed to: (a) be the successor of any of the Receiver, the Debtors, or any of their respective predecessors or Affiliates, (b) have, de facto or otherwise, consolidated or merged with or into any of the Receiver, the Debtors, or any of their respective predecessors or Affiliates, (c) be mere

continuations or substantial continuations of any of the Receiver, the Debtors, or any of their respective predecessors or Affiliates, (d) be mere continuations or substantial continuations of the identity, business, enterprises, or operations of any of the Receiver, the Debtors, or any of their respective predecessors or Affiliates, or (e) be liable for any acts or omissions of the Receiver, the Debtors, or any of their respective predecessors or Affiliates, relating to or arising from the conduct of their businesses or arising under or related to the Purchased Assets (other than Assumed Liabilities).

13. Neither the purchase of the Purchased Assets nor the subsequent operation of the Purchased Assets by the Purchaser shall cause the Purchaser or its affiliates, successors, or assigns or their respective properties (including the Purchased Assets) to be deemed a successor in any respect of the Receiver, the Debtors, the receivership estate, the Purchased Assets, the Debtors' business operations within the meaning of any laws, rules, or regulations relating to any tax, revenue, pension, benefit, ERISA, environmental, labor, employment, products liability, or other law, rule, or regulation of any federal, state, or local government.

14. For the avoidance of doubt, upon the Closing, Purchaser shall not be liable for any Claims or Encumbrances (other than Assumed Liabilities) against the Purchased Assets or any of the Receiver, the Debtors, or any of their respective predecessors or Affiliates, including without limitation, (a) any monetary assessments imposed against the Purchased Assets, the Receiver, the Debtors, or any of their respective predecessors or Affiliates, by or on behalf of any Governmental Authority, (b) taxes of any kind whether now existing or hereafter arising, whether fixed or contingent, owed by any of the Receiver, the Debtors, or any of their respective predecessors or Affiliates; or (c) any other liabilities owed by any of the Receiver, the Debtors, or any of their respective predecessors or Affiliates to any Governmental Authority.  Purchaser shall have no

successor or vicarious liability arising from or related to any of the Receiver's or Debtors' ownership or management of any Purchased Assets of any kind or character, regardless of whether any Claim or Encumbrance is known or unknown, fixed or contingent.

15. As of the Closing, all persons and entities holding claims, liens, encumbrances, or interests and their respective successors and assigns, are hereby forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Claims or Encumbrances of any kind and nature against Purchaser, the Purchased Assets, or any other assets or properties of the Purchaser, or commencing or continuing any action that does not comply with, or is inconsistent with, this Sale Order.

16. If any person or entity that has filed financing statements, mortgages, deeds of trust, mechanic's liens, lis pendens, or other documents or agreements evidencing interests with respect to the Receiver, the Debtors and/or the Purchased Assets shall not have delivered to the Receiver or Purchaser prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of Claims and Encumbrances which the person or entity has with respect to the Receiver, the Debtors, the Purchased Assets, or otherwise (except Assumed Liabilities) then (a) Purchaser and/or the Receiver are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Transferred Assets and (b) Purchaser and/or the Receiver are hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of (but not a necessary condition to) the release of all such Claims and Encumbrances in, against, or with respect to the Receiver, the Debtors and/or the Purchased Assets. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or

recording system of each and every federal, state, and local governmental agency, department, or office. Notwithstanding the foregoing, (i) Compeer has expressly consented to the release of any lien or claim against any of the Purchased Assets sold to Purchaser, (ii) nothing herein shall constitute a release, satisfaction, and/or termination of Compeer's financing statements, mortgages, deeds of trust, mechanic's liens, lis pendens, and/or other documents or agreements evidencing Compeer's security interests with respect to the Debtors and/or any of Compeer's collateral owned by some or all of the Debtors not included in the Purchased Assets, (iii) nothing herein shall authorize any person or entity other than Compeer to file any such releases, satisfactions, and/or terminations on Compeer's behalf, and (iv) Compeer expressly retains the exclusive authority to file or refrain from filing any releases, satisfactions, and/or terminations of its financing statements, security interests, lien perfection documentation, and/or any other documents or interests referenced in paragraph 16(ii) immediately above, at any time in the future. The provisions of this Sale Order and the transfer of the Purchased Assets to Purchaser free and clear of all Claims and Encumbrances (other than Assumed Liabilities) shall be and are self-executing without the necessity of any recording or filing of any document.

17. No party shall have any rights of redemption with respect to any of the Purchased Assets sold pursuant to the Asset Purchase Agreement and this Sale Order.

18. Notwithstanding anything to the contrary in this Sale Order, neither the Receiver nor the Purchaser shall have an obligation to close the Transactions until all conditions precedent in the Asset Purchase Agreement to each of their respective obligations to close the Transactions have been satisfied or waived in accordance with the terms of the Asset Purchase Agreement.

19. All liens on and security interests in all assets sold pursuant to this Sale Order shall attach to the proceeds of the sale with the same validity, priority, and enforceability; *provided,*

*however*: (a) at the Closing, the Purchase Price shall be paid into the Closing Escrow and shall not be distributed until further order of the Court; and (b) in the event this Sale Order is overturned or modified on appeal, without the express written consent of Purchaser, Purchaser shall have recourse to funds deposited in the Closing Escrow to recover any resulting damages to the extent provided in the Asset Purchase Agreement.

20. For the avoidance of doubt, to the extent not expressly provided elsewhere herein, the authorizations, approvals, findings of fact, conclusions of law, and orders set forth in the "Sale Order" defined on page five of the Asset Purchase Agreement are incorporated herein and are satisfied.

21. The provisions of this Sale Order authorizing the sale of the Purchased Assets free and clear of any Claims or Encumbrances shall be and are self-executing, and the Receiver and Purchaser shall not be required, but are permitted in their discretion, to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of the Asset Purchase Agreement and this Sale Order.

22. This Court retains exclusive jurisdiction to (a) enforce and implement the Asset Purchase Agreement and any other agreements, documents, and instruments executed in connection with the Asset Purchase Agreement, (b) resolve any disputes, controversies, or claims arising out of or relating to the Asset Purchase Agreement, this Sale Order, or the sale of the Purchased Assets, and (c) interpret, implement, and enforce the provisions of this Sale Order.

23. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason to delay entry of this Sale Order as a partial final judgment on the issues and claims resolved herein.

DATED this 30 day of May, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

Case 4:25-cv-04044-ECS   Document 110   Filed 05/30/25   Page 12 of 12 PageID #: 1379

12