UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COMPEER FINANCIAL, PCA;<br><br>    Plaintiff,<br><br>vs.<br><br>SUNWOLD FARMS, INC.; SUNTERRA FARMS IOWA, INC.; and LARIAGRA FARMS SOUTH, INC.;<br><br>    Defendants,<br><br>PVC MANAGEMENT II, LLC, d/b/a PIPESTONE MANAGEMENT;<br><br>    Receiver,<br><br>THE PORK GROUP, INC.; and TYSON FRESH MEATS, INC.;<br><br>    Intervenors. | 4:25-CV-04044-ECS<br><br><br><br>ORDER OVERRULING DEFENDANTS' OBJECTIONS TO RECEIVER'S FIRST MONTHLY OPERATING REPORT |

This matter comes before the Court on Defendants' Objections to Receiver PVC Management II, LLC's ("Pipestone") First Monthly Operating Report. Doc. 78. Because Pipestone's report complies with this Court's prior order governing the Receiver's power and authority, Doc. 30, this Court overrules Defendants' objections.

I. **Background**

In its prior Order Granting Compeer's Application to Appoint a Receiver, this Court appointed Pipestone as the Receiver and gave it authority over the "Receivership Property." Id. ¶¶ 4–10. Pursuant to this Order, Pipestone is required to "file monthly reports with the Court" that include:

(a) The activities of the Receiver since the last report;

1

  (b) Cash receipts and disbursements, including payments made to professionals retained by the Receiver; receipts and dispositions of Receivership Property; and

  (c) Any other matters the Receiver deems appropriate.

Id. ¶ 30. Pipestone and its professionals are also required to file "monthly fee statements detailing any fees and expenses incurred by the Receiver in the Monthly Operating Reports." Id. ¶ 32. Parties have 7 days to file specific objections to the Monthly Reports. Id. "All Fees and Expenses to which no specific objection is made shall be deemed allowed at the conclusion of such 7 day period." Id.

  On May 15, 2025, Receiver PVC Management II, LLC ("Pipestone") filed its First Monthly Operating Report. Doc. 73. Defendants timely objected to this report maintaining that it lacked "documentation to support and justify the accounting and fees." Doc. 78 at 12. Pipestone asks this Court to overrule Defendants' objections because it maintains that the report complies with the express terms of this Court's receivership order. Doc. 111 at 3.

**II. Legal Standard**

  "As receiver, [Pipestone] serves as an agent of the district court and has been vested with the powers necessary to take immediate custody, control, and possession of the assets of the estates in receivership." Ritchie Special Credit Invs., Ltd. v. U.S. Tr., 620 F.3d 847, 850 (8th Cir. 2010) (citation omitted); see Doc. 30 (order governing Pipestone's authority over the Receivership Property). A receiver's reporting obligations are governed by the specific terms of the Receivership Order. See Ritchie Special Credit Invs., 620 F.3d at 850; United States v. Kelley, 70 F.4th 482, 486-487 (8th Cir. 2023).

### III. Discussion

After reviewing the First Monthly Operating Report, this Court finds that it complies with this Court's Receivership Order, Doc. 30. The First Monthly Operating Report includes: the activities of the Receiver, cash receipts and disbursements, and professional fee statements and details. See generally Doc. 73. Further testimony and exhibits supporting the First Monthly Operating Report were elicited from Pipestone's President Hannah Walkes at this Court's Private Sale hearing on May 29, 2025.[1] Lastly, Pipestone filed its Second Monthly Operating Report on June 13, 2025. Doc. 112. Objections to this report were due on June 20, 2025. Defendants did not object to this second report, which contained similar information as the first report. For these reasons, Defendants' objections are overruled.

### IV. Order

For the above reasons, and the record as it now exists before this Court, it is hereby ORDERED that Defendants' Objections to Pipestone's First Monthly Operating Report, Doc. 78, are overruled. It is further

ORDERED that Pipestone's First Monthly Operating Report, Doc. 73, is approved. It is finally

ORDERED that Pipestone's Second Monthly Operating Report, Doc. 112, is approved.

DATED this 24th day of June, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[1] Walkes's testimony and the exhibits from that hearing are incorporated by reference into this Order.

3