UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COMPEER FINANCIAL, PCA, | 4:25-CV-04044-ECS |
| Plaintiff and Counter Defendant, | |
| vs. | |
| | ORDER LIFTING STAY AND FOR CLERK'S ENTRY OF DEFAULT |
| SUNWOLD FARMS, INC.; SUNTERRA FARMS IOWA, INC.; LARIAGRA FARMS SOUTH, INC., | |
| Defendants and Counter Claimants, | ORDER DISMISSING COUNTERCLAIMS FOR FAILURE TO PROSECUTE |
| PRIME TIME EXPRESS L.L.C.; TIM GRABER; SWINETASTIC, LLC; HOGGIN IT; TS FARM, LLC; JOEL REMPFER; SHANE ZYLSTRA; KAYLOR AGRISERVICES, INC., | ORDER DENYING PLAINTIFF COMPEER FINANCIAL, PCA'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM AS MOOT |
| Interested parties, | |
| PVC MANAGEMENT II, LLC d/b/a Pipestone Management | |
| Receiver, | |
| THE PORK GROUP; TYSON FRESH MEATS, INC., | |
| Intervenors. | |

On March 28, 2025, this Court entered an order granting the appointment of the Receiver in this matter to preserve the collateral securing the loans at the center of this lawsuit. See generally Compeer Fin., PCA v. Sunwold Farms, Inc., No. 4:25-CV-04044-ECS, 2025 WL 942978 (D.S.D. Mar. 28, 2025). As part of a separate order "address[ing] the receiver and their

powers," id. at \*7 n.7, the Court stayed this litigation until otherwise ordered. Doc. 30 at 10–11. Since that time, the collateral has been liquidated, and the Court finds it prudent to end the stay to enable a conclusion to this litigation and the development of a proceeds distribution plan.

Upon lifting the stay, Defendants will be in default. On September 23, 2025, this Court granted Defendants' counsel's motion to withdraw. Doc. 128. In its order, the Court warned Defendants that corporations are "technically in default on the date its counsel is permitted to withdraw unless substitute counsel has entered an appearance." Id. at 3 (citing, *inter alia*, Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856–57 (8th Cir. 1996)). The Court allowed Defendants 60 days to obtain counsel or risk default judgment and the waiver of their counterclaims. Id. at 4. It has been roughly 150 days since the Court gave Defendants that opportunity, yet no counsel has appeared. This is consistent with Defendants' general lack of participation in this matter from its very beginning. Defendants' prior counsel zealously advocated for Defendants, but Defendants never personally attended a hearing in this important matter. Further, Defendants offered no testimony during the contested evidentiary hearings in this matter. Now, the Defendants have ceased all participation in this matter by not retaining new legal counsel for several months.

The Court finds Defendants are now in technical default. Corporations cannot appear pro se. United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam). Where plaintiffs "consistently and wilfully fail to prosecute [their] claim[s]," Courts "should" use their inherent power to dismiss those claims with prejudice for failure to prosecute. Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (per curiam) (citing Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984)). Good cause appearing, it is hereby

ORDERED that the stay in this case is lifted.  It is further

ORDERED that the Clerk of Courts shall enter default as to all Defendants.  It is further

ORDERED that Defendants' counterclaims, see Doc. 56, are dismissed with prejudice for failure to prosecute.  It is finally

ORDERED that Plaintiff Compeer Financial, PCA's Motion to Dismiss Defendants' Counterclaim, Doc. 58, is denied as moot.

DATED this 20th day of February, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE