UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COMPEER FINANCIAL, PCA, | 4:25-CV-04044-ECS |
| Plaintiff, | |
| vs. | |
| SUNWOLD FARMS, INC.; SUNTERRA FARMS IOWA, INC.; LARIAGRA FARMS SOUTH, INC., | ORDER GRANTING RECEIVER'S MOTION TO AUTHORIZE DISTRIBUTION OF ESCROWED FUNDS |
| Defendants, | |
| PVC MANAGEMENT II, LLC, d/b/a PIPESTONE MANAGEMENT, | ORDER FOR FINAL ACCOUNTING |
| Receiver, | |
| THE PORK GROUP, INC; TYSON FRESH MEATS, INC.; KAYLOR AGRISERVICES, INC., | |
| Intervenors. | |

On May 30, 2025, the Court ordered Receiver to execute the private sale of Defendants' assets so as to preserve the receivership estate. Doc. 110. The Court certified the order as a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) to provide Defendants an opportunity to immediately appeal. Id. ¶ 23. Defendants did not appeal the order. Receiver thereafter executed the sale and deposited the proceeds into escrow, the balance being $13,102,233.70 as of October 15, 2025. Doc. 135 ¶ 6.

Receiver investigated the books and records of Defendants and compiled a list of Defendants' creditors and their claims. Id. ¶ 7; see Doc. 135-1. Receiver determined that

Plaintiff is Defendants' only secured creditor, with an aggregate claim of $37,834,098.90. Doc. 135 ¶ 8. Receiver moved the Court to authorize the distribution of the escrow funds and accrued interest to Plaintiff and invited interested parties and creditors to lodge objections with the Court. Id. ¶ 11. Defendants have not responded to the Receiver's motion. The Court received one objection from an unsecured creditor, to which another unsecured creditor joined. Docs. 142, 154. The objection and joinder were later withdrawn. Docs. 177–78, 180.

Defendants stopped communicating with their legal counsel, resulting in their counsel moving to withdraw. Docs. 119; see Doc. 128 at 1–2. This Court allowed defense counsel to withdraw. Doc. 128 at 4. Defendants have continued receiving notice of all filings in this matter since their counsel's withdrawal, but have stopped participating in the litigation despite the Court providing ample time for them to obtain new counsel and resuscitate their defense. Defendants' failure to defend resulted in their default, and Defendants' failure to prosecute resulted in the dismissal of their counterclaims. See Compeer Fin., PCA v. Sunwold Farms, Inc., No. 4:25-CV-04044-ECS, 2026 WL 482162 (D.S.D. Feb. 20, 2026).

"[T]he practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66. "The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." Liberte Cap. Grp., LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2006). Equity notwithstanding, "[a] receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the state." Marshall v. New York, 254 U.S. 380, 385 (1920). "[T]ypically, secured creditors have recourse against specific collateral, and must be paid out of the proceeds of that collateral." SEC v. Vescor Cap. Corp.,

2

599 F.3d 1189, 1194 (10th Cir. 2010). That is the law in South Dakota. See SDCL §§ 57A-9-203, -315. Here, based on the Receiver's thorough investigation, the Court finds Plaintiff is Defendants' only secured creditor.

This Court is "vested with broad discretionary power" in deciding whether to approve a distribution plan. SEC v. Forex Asset Mgmt. LLC, 242 F.3d 325, 331 (5th Cir. 2001) (citation omitted). "An equitable plan is not necessarily a plan that everyone will like." Vescor, 599 F.3d at 1195 (citation modified). In light of the facts alleged in Plaintiff's Verified Complaint, the Court's review of Plaintiff's UCC financing statements, Doc. 152-2, Defendants' failure to participate in this litigation despite being offered ample opportunity to do so, and giving proper weight to Receiver's accounting of the claims against the receivership estate, the Court agrees the equitable and proper result is to distribute to Plaintiff, without further delay, the full balance of the receivership escrow account such that it may be applied toward Defendants' indebtedness. It is accordingly

ORDERED that Receiver's Motion to Authorize Distribution of Escrowed Funds, Doc. 135, is granted. The distribution of escrowed funds to Plaintiff shall occur no later than 12:00 p.m. Central Time on June 12, 2026. Following the distribution, it is further

ORDERED that Receiver will wind up its affairs and, in anticipation of its termination, file within 30 days, a Motion for Order Approving Final Accounting, consisting of the final accounting of all receivership accounts, including the escrow account.

DATED this 5th of June, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3